IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-30966
(Summary Calendar)

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL BELL,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
(USDC No. 93-CR-30033-02)
- - - - - - - - - -
October 15, 1996

Before HIGGINBOTHAM, WIENER and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Michael Bell appeals his conviction and sentence for conspiracy to possess with intent to distribute cocaine base, raising six points of error. Our review of the record and the arguments and authorities convince us that no reversible error was committed. The evidence was not insufficient. See United States v. Laury, 49 F.3d 145, 151 (5th Cir.), cert. denied, 116 S. Ct. 162 (1995). There is no double jeopardy violation, as Bell concedes in

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

his reply brief.  See <u>United States v. Ursery</u>, 116 S. Ct. 2134, 2147-49 (1996).  Bell abandons the ground he raised in the district court in his motion for a new trial in support of his ineffective-assistance-of-counsel claim.  See <u>Yohey v. Collins</u>, 985 F.2d 222, 225 (5th Cir. 1993).  To the extent that Bell now argues other grounds of ineffective assistance, they may be handled through a 28 U.S.C. § 2255 proceeding.  See <u>United States v. Navejar</u>, 963 F.2d 732, 735 (5th Cir. 1992).  The district court did not abuse its discretion by denying Bell's motion for a new trial without conducting an evidentiary hearing.  See <u>United States v. Blackburn</u>, 9 F.3d 353, 358 (5th Cir. 1993).

Bell has not shown that the district court abused its discretion by admitting evidence of subsequent bad acts to show Bell's knowledge, modus operandi, and intent.  See <u>United States v. Wilwright</u>, 56 F.3d 586, 589 (5th Cir.), <u>cert. denied</u>, 116 S. Ct. 345 (1995).  Nor has Bell shown that the district court clearly erred by increasing his offense level by two based on his leadership role in the conspiracy.  See <u>United States v. Sherbak</u>, 950 F.2d 1095, 1099-1100 (5th Cir. 1992). Finally, Bell's challenge to the constitutionality of the applicable statutes' and sentencing guidelines' disparate treatment of cocaine base and cocaine powder is without merit.  See <u>United States v. Flanagan</u>, 87 F.3d 121, 123-24 (5th Cir. 1996); <u>see</u> <u>also</u> <u>United States v. Cherry</u>, 50 F.3d 338, 342-44 (5th Cir. 1995).

AFFIRMED.

2